UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT, 124522,

       Plaintiff,

vs.

BARRY LAMB and
M. ROURKE,

       Defendants.

_____/

Civil Action No. 16-CV-13462

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY, DENYING PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY
OF RESPONSE TO REQUESTS FOR ADMISSION, AND DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

This matter is presently before the Court on plaintiff's motion to compel discovery

[docket entry 31], plaintiff's motion to determine sufficiency of response to requests for admission

[docket entry 32], and plaintiff's motion for appointment of counsel [docket entry 35]. Pursuant to

E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

Plaintiff, a pro se prison inmate, alleges that on two occasions in 2016 defendant

Lamb searched his cell and confiscated or destroyed certain property in retaliation for plaintiff filing

a lawsuit "against Cheryl Groves and the others."[1] Compl. ¶ 7. Plaintiff's claim that Lamb

interfered with his right of access to the courts has been dismissed, as have plaintiff's claims against

defendant Rourke.

_____

[1] In *Scott v. Groves, et al.*, Civil No. 14-cv-12123 (E.D. Mich.), plaintiff sued five
employees of the Michigan Department of Corrections ("MDOC") for terminating him from a
legal writing program. The defendants were the program coordinator, Cheryl Groves; librarian
Gayle Leach; wardens Raymond Booker and Randall Haas, and MDOC's classification director,
Corby DeForest. The Court granted summary judgment for defendants in August 2015.

In his motion to compel discovery, plaintiff argues that the Court should order defendant to provide more complete answers to interrogatories and to produce certain documents. Regarding interrogatories, plaintiff is dissatisfied with defendant's response to his "Interrogatory 1" and to defendant's responses to several interrogatories in his second set of interrogatories. Defendant's response to Interrogatory 1 is sufficient.[2]  The Court is unable to determine the sufficiency of defendant's responses to plaintiff's second set of interrogatories because plaintiff has attached only the interrogatories, but not defendant's responses.  Therefore, plaintiff's motion is denied insofar as it seeks an order compelling defendant to provide more complete answers to interrogatories.

Similarly, plaintiff is dissatisfied with defendant's responses to his first and second requests for production of documents, but he has attached only defendant's responses to the first set, not the second.  The Court must see the responses in order to determine their sufficiency.  Regarding the first set of document requests, plaintiff is dissatisfied with defendant's responses to requests 1 and 4-7.  Request 1 seeks "[a]ny and all copies of Defendant's MDOC Employment Disciplinary

---

[2] Plaintiff's first interrogatory asked:

> Identify any and all documents relating to Defendant's work assignment on January 25, 2016 at the G. Robert Cotton Correctional Facility.  If those duties are set forth in any job description or other document, produce the document.

Defendant responded as follows:

> Defendant objects to this interrogatory as irrelevant and not likely to the [sic] discovery of relevant evidence.  Without waiving and subject to said objection, pursuant to Policy Directive 04.04.110, Defendant was permitted to search Plaintiff or his cell at any time regardless of whether Defendant was assigned to work Plaintiff's area at the prison.

Docket entry 32 (Pg ID 510-11).

Record," to which defendant objected on relevance grounds. Docket entry 32 (Pg ID 500-501). Requests 4-6 seek all emails from Sgt. R. Houtz, J. Lavigne, and Capt. B. Johnsen "to anyone concerning the Defendant" and Request 7 seeks all emails "from Defendant to anyone concerning any inmate at the G. Robert Cotton Correctional Facility from January 1, 2015 to the date of response." Defendant objected to these requests as irrelevant, overly broad, and unduly burdensome. *Id*. (Pg ID 502-503). The Court finds nothing improper in defendant's objections to these document requests. These requests go far beyond the scope of this case, which is limited to defendant's searches of plaintiff's cell on January 25 and May 27, 2016. Therefore, plaintiff's motion is denied insofar as it seeks an order compelling defendant to produce documents.

In his motion to determine sufficiency of response to requests for admission, plaintiff indicates he is dissatisfied with defendant's responses to his twelve admission requests. Plaintiff finds some of defendant's responses to be "misleading," "false," and/or "contradictory." Under Fed. R. Civ. P. 36(a)(4) and (5), defendant must either admit, deny, or object to requests for admission. The Court finds nothing improper in defendant's responses to the requests at issue. Plaintiff's disagreement with defendant's depiction of the January 25 and May 27, 2016, searches of his cell is not a proper basis for a motion regarding the sufficiency of answers or objections under Fed. R. Civ. P. 36(a)(6). This motion is denied.

Finally, plaintiff seeks appointment of counsel. "The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights." *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Appointment of counsel "is a privilege that is justified only by exceptional circumstances. In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to

represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). In the present case, appointment of counsel is unwarranted. The case is not complex, and plaintiff is obviously capable of litigating the matter without an attorney's assistance. Accordingly,

IT IS ORDERED that plaintiff's motion to compel discovery [docket entry 31] is denied.

IT IS FURTHER ORDERED that plaintiff's motion to determine sufficiency of response to requests for admission [docket entry 32] is denied.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel [docket entry 35] is denied.

Dated: April 26, 2018        s/Bernard A. Friedman
Detroit, Michigan           BERNARD A. FRIEDMAN
                      SENIOR UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 26, 2018.

s/Johnetta M. Curry-Williams
Case Manager